IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: <u>3:11CR211</u> |
| | ) | |
| LAWRENCE N. SMITHERS, | ) | |
| Defendant | ) | |

**DEFENDANT'S POSITION WITH
RESPECT TO SENTENCING FACTORS**

COMES NOW the defendant, Lawrence N. Smithers, by counsel, pursuant to 18 U.S.C. § 3553(a) and the United States Sentencing Guidelines, ("USSG"), and for his Position with Respect to Sentencing Factors, and respectfully requests the Court to impose a sentence of no greater than 87 months. In support he states as follows:

*Guidelines*

Mr. Smithers does not object to the sentencing factors as applied by the Probation Officer ("PO") in the Presentence Investigation Report ("PSI") as calculated. Mr. Smithers' Criminal History Category is I and his Offense Level is 29. Therefore, Mr. Smithers' guideline range is 87 – 108 months on count 11 and 60 months on Count 12. It is believed that the 60 months sentence regarding count 12 is subsumed in the 87 – 108 months guideline range for count 11.

*Pursuant to U.S.S.G. § 5C1.2, Mr. Smithers' is Safety Value eligible*

Based on the quantity of drugs involved in count 11 of this case, Mr. Smithers would be facing a mandatory minimum of 120 months. Additionally, based on the facts in count 12, Mr. Smithers would also be facing a mandatory of 60 months. However, Mr. Smithers only has 1 criminal history point, did not use a firearm or violence, the offenses

did not result in any death or serious bodily injuries, he was not a leader or organizer and he quickly provided the government with truthful information and evidence regarding his offenses. Therefore, pursuant to U.S.S.G. §5C1.2(a) factors 1 through 5, Mr. Smithers is safety value eligible.

## 18 U.S.C. § 3553(a) Sentencing Factors

*1. Section 3553(a)(1) - Offense Characteristics*

In accordance with 18 USC § 3553(a)(1), the sentencing court first considers "the nature and circumstances of the offense and the history and character of the defendant." The bases of Mr. Smithers' charges and guilty plea are the results of what appears to start out as a benign set of facts and minor criminal activity. Mr. Smithers was employed by R&S Market making sandwiches and cleaning the floors. After working for R&S for several months or more, Mr. Smithers was presented with the opportunity to drive untaxed cigarettes to New York City and earn a few hundred dollars. I am sure at the time to Mr. Smithers, with his limited education and earning capacity, this seemed like easy money and was harming no one. It appears that all Mr. Smithers had to do was drive back and forth to New York and he earned a modest amount of easy money. However, eventually others got involved, and Mr. Smithers and his co-conspirators were presented with additional ways to make additional money at no extra cost to them. Unfortunately, Mr. Smithers, who for the past twenty-five plus years led a clean, crime-free lifestyle, got overly involved with the ease of the cigarette trafficking business. Furthermore, the fact that he and his co-conspirators needed no money to go out on their own, since the government was willing to extend them credit, only made their involvement easier. It also appears that the progression from cigarette trafficking to drug

trafficking was at the suggestion/initiation of the government through its undercover agent(s).

### 2. Section 3553(a)(1) - Offender Characteristics

Mr. Smithers is a 62 year old male with a limited seventh grade education whose father abandoned the family very early in his life. Furthermore, Mr. Smithers' mother was an alcoholic whose live-in boy friend was very abusive to him. After dropping out of high school and due to his mother's boyfriend's abuse, Mr. Smithers moved out of his mother's family home, which he described as being in the ghetto, and began a nomadic lifestyle. (See PSI paragraph 108). Although it appears that Mr. Smithers has a history of poor behavior, it has been over twenty-five plus years since he has gotten into any trouble. It also appears that as a result of Mr. Smithers' limited education and work environment, he was easily convinced by his former employer to enter the cigarette trafficking conspiracy. (See PSI paragraph 50).

Mr. Smithers comes before this Court facing his first significant criminal offense in over twenty-five plus years. Although it appears that Mr. Smithers has a criminal history, it is long past and when he was a much younger man. Furthermore, Mr. Smithers has no prior history of drugs, drug distribution or cigarette trafficking.

### 3. Section 3553(a)(2): The Need for the Sentence Imposed

Section 3553(a)(2)(A) requires a sentencing court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides a just punishment. In this case, Mr. Smithers indeed recognizes the seriousness of the offenses and is remorseful for his actions. (See PSI paragraph 81). Mr. Smithers admitted his past and current drug habit and desires to completely rid himself of all illegal drugs.

More importantly, Mr. Smithers is now facing years in prison as a consequence of his conviction. Thus, whatever sentence the Court imposes will be, as a practical matter, a sentence that will keep Mr. Smithers incarcerated until his late sixties or seventies.

*4. Section 3553(a)(2)(B): the need to provide adequate deterrence*

Section 3553(a)(2)(B) requires the Court to consider a sentence that provides adequate deterrence. In this case, Mr. Smithers has been deterred simply by his arrest and incarceration. He is profoundly remorseful and recognizes the seriousness of his actions and a lengthy incarceration of greater than 87 months is not needed to dissuade him from participating in this type of activity again. Thus, a sentence below the advisory Guideline range, which would allow Mr. Smithers to return to society while he is still able to enjoy any part of his "golden years," would adequately deter Mr. Smithers.

*5. Section 3553(a)(2)(C): The need to protect the public*

Section 3553(a)(2)(C) requires the Court to consider the need to protect the public from future crimes by this defendant. In this case, Mr. Smithers is expected to be in his late sixties or seventies before he is released from prison. Again, the public gains no significant additional protection from a lengthy incarceration of Mr. Smithers.

*6. Section 3553(a)(2)(D): The need to education, train or medicate*

Finally, Section 3553(a)(2)(D), asks the sentencing court to consider the need for education or vocational training, medical care, or other correctional treatment in the most effective manner. At sixty-two years of age, educational and vocational training for Mr. Smithers would appear to be of less significance. Further, although Mr. Smithers' states that he is in good physical health, his age suggest that he is on the cusp of entering an era of his life when medical issues become more prevalent and costly. Additionally, Mr.

Smithers could greatly benefit from drug treatment and mental counseling.

## *Conclusion*

The Court must impose a sentence that is "sufficient, but not greater than necessary" to meet the goals of federal sentencing under 18 U.S.C. § 3553(a). In this case, Mr. Smithers' participation in the underlying criminal activity, although not necessarily minimal, was one of a follower and not a leader. As stated in the PSI: "Mr. Smithers was solicited by his employers … to be a 'runner' of untaxed, contraband cigarettes." (See PSI paragraph 77). For the foregoing reasons, Mr. Smithers' respectfully requests that the Court impose a sentence in this case of no more than 87 months.

                                                  Respectfully submitted,
                                                  Lawrence N. Smithers

                                                  By: _____/s/_____
                                                         Of Counsel

Elliott B. Bender
VSB # 38777
6 West Broad Street
Richmond, Virginia 23220
*Telephone: (804) 648-8000*
*Facsimile: (804) 648-8001*
*Elliott@VaTrialAttorney.com*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Sentencing Memorandum was filed with the Clerk of the United States District Court for the Eastern District of Virginia on the 30th day of December, 2011, using the CM/ECF system, which will automatically send a notification of such filing (NEF) to the following counsel and probation officer:

Stephen W. Miller
Assistant United States Attorney
600 E. Main Street, Suite 1800
Richmond, Virginia 23219
Stephen.Miller@usdoj.gov

David S. Simon
United States Probation Officer
701 E. Broad Street, Suite 1150
Richmond, Virginia 23219
David_S_Simon@vaep.uscourts.gov

\_\_\_\_/s/_____
Elliott B. Bender